UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILBERT PARKER,<br><br>                      Plaintiff,<br><br>            -against-<br><br>NEW YORK STATE DIVISION OF PAROLE, ET AL.,<br><br>                     Defendants. | 23-CV-10267 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. He filed this action on May 3, 2023, in the United States District Court for the Eastern District of New York. (ECF 1.) That court transferred the action here on November 9, 2023. (ECF 6.) On November 28, 2023, this Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), and on November 30, 2023, this court's Clerk's Office mailed to Plaintiff the order granting IFP. (ECF 8.) On December 21, 2023, the court received notification from the United States Postal Service ("USPS") that its mailing to Plaintiff was undeliverable.

### DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A court may dismiss an action under Fed. R. Civ. P. 41(b), if the plaintiff fails to notify the court of a new address and the court is unable to contact the plaintiff. *See, e.g.*, *Abdallah v. Ragner*, No. 12-CV-8840 (JPO), 2013 WL 7118083, at *4 (S.D.N.Y. Nov. 22, 2013) ("A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint. . .

. If [the plaintiff] does not contact the Court and update his address within the time allowed, this action will be dismissed for failure to prosecute.") (citing *Fields v. Beem*, No. 13-CV-0005, 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) (collecting cases)).

Here, the Court's mailing to Plaintiff was deemed undeliverable by the USPS. The Court hereby notifies Plaintiff that he must update the Court with his new address within 30 days of the date of this order. If Plaintiff does not comply with this order within the time allowed, the Court will dismiss this action, under Rule 41(b) of the Federal Rules of Civil Procedure, without prejudice to Plaintiff's refiling it.

Plaintiff may complete the attached form, Consent to Electronic Service, to receive court documents electronically by email.

## CONCLUSION

Within 30 days of the date of this order, Plaintiff must update the Court with his new address. Failure to do so will result in dismissal of the action without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

The Clerk of Court is directed to mail a copy of this order to Plaintiff's last known address.[1]

A copy of the Consent to Electronic Service form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[1] Because Plaintiff has not updated his address, in all likelihood he will not receive the order by mail. But it is Plaintiff's responsibility to stay apprised of the status of his case, *see In re WorldCom, Inc.*, 708 F. 3d 327, 329 (2d Cir. 2013) (Litigants … have a responsibility to monitor the docket for the entry of orders they may wish to appeal."), which Plaintiff can do by calling the Clerk's Office.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 1, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature