UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERT PARKER,

                Plaintiff,

-against-

NEW YORK STATE DIVISION OF PAROLE;
NEW YORK STATE ATTORNEY GENERAL,

                Defendants.

23-CV-10267 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights. By order dated November 22, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

### A.     Prior complaint

On May 24, 2004, Plaintiff filed a *pro se* Section 1983 complaint in this court alleging that he had been unlawfully incarcerated for 46 days on an invalid arrest warrant. *See Parker v. N.Y.S. Div. of Parole*, No. 04-CV-3901 (TPG) (S.D.N.Y.) (*Parker I* ). In an amended complaint filed on July 1, 2004, Plaintiff named, among others, the New York State Division of Parole (NYSDOP) and Parole Officers Alice Chin and Ronald Friedman. *Id.*, ECF 5. On February 5, 2008, Inna Reznik, a New York State Assistant Attorney General (AAG), filed a notice of substitution and appeared on behalf of the defendants. *Id.*, ECF 27.

On September 6, 2012, *pro bono* counsel appeared on Plaintiff's behalf, and the court granted their motion to reopen discovery. *Id.*, ECF 56-58. On February 14, 2013, *pro bono* counsel moved to amend the complaint to add as defendants John Cieslak, Jr. and Angela

DiBenedetto, two parole officers who worked in a unit responsible for locating absconding parolees. *Id.*, ECF 63 at 1 (moving to amend complaint because "[s]upervision over Plaintiff's parole was transferred internally to [Cieslak and DiBenedetto] in March 2003 – a fact not previously known to Plaintiff or disclosed by Defendants until December 2012.")[1]

On February 1, 2013, *pro bono* counsel moved to withdraw from the case after Plaintiff "fired" them, subjected to them completing several tasks, including "inform[ing] the Court regarding the failure of Defendants to produce relevant documents during the eight years during which [Plaintiff] was litigating *pro se.*" *Id.*, ECF 67 at 3. On April 12, 2013, Judge Greisa granted counsel's motion to withdraw, and Plaintiff continued *pro se*. ECF 75, 76. On August 14, 2014, Plaintiff filed a third amended complaint against the NYSDOP, Chin, Friedman, Cieslak, and DiBenedetto. *Id.*, ECF 100. In his motion for summary judgment, filed on November 21, 2015, Plaintiff asserted that he was entitled to relief in part because AAG Inna Reznik "conspired [with defendants] to cover up their negligence in the handling of the plaintiff's case," which took "thirteen years . . . to come to light." *Id.*, ECF 134 at 27.

On March 29, 2016, Judge Griesa granted Chin and Friedman's motion for summary judgment. *Id.*, ECF 140 (holding that Chin and Friedman were entitled to qualified immunity). On August 18, 2017, Judge Greisa granted a motion to dismiss Plaintiff's claims against the remaining defendants, holding that: (1) Plaintiff's claims against Cieslak and DiBenedetto did not relate back to the filing of the original complaint under Federal Rule of 15; (2) that the statute of limitations should not be equitably tolled with respect to Plaintiff's Section 1983 claims;[2] and

---

[1] Attached to the motion to amend the complaint is a NYSDOP document: (1) noting Plaintiff's "reporting status" as "absconder" and (2) transferring his case to Cieslak and DiBenedetto, effective March 20, 2003. *Id.*, ECF 67-1.

[2] The court rendered its decision in part on the following reasoning:

3

(3) that the NYSDOP was immune from suit under the Eleventh Amendment. *Parker I*, ECF 177, 2017 WL 3600420 (S.D.N.Y. Aug. 18, 2017) (resolving all open issues and directing judgment in favor of defendants). The Second Circuit dismissed Plaintiff's appeal as frivolous. *See id.*, No. 18-1769, 2018 WL 6536032 (2d Cir. Sept. 26, 2018) (holding that the appeal "lacks an arguable basis either in law or in fact.")

**B.     This complaint**

Plaintiff now brings this complaint against the NYSDOP[3] and the New State Attorney General's Office (AG Office). He purports to be "refil[ing] his lawsuit (04 CV 3901) based on new evidence that [AAG Reznik] withheld from" him, and asking that his "lawsuit be heard and that the new evidence be accepted on the record."[4] (ECF 1 at 8.)

Plaintiff recounts the events leading to his alleged unlawful detention, and explains that he "parted ways" with *pro bono* counsel "[a]fter it was revealed that A.A.G. Reznik had withheld critical documents that were important to [his] case, and *pro bono* counsel refused to move for

---

> Plaintiff's original claims were directed at the parole officers who issued the warrant: Chin and Friedman. As members of a special unit that searched for parole absconders, Cieslak and DiBenedetto were merely responsible for locating plaintiff. Because plaintiff's complaint alleged no wrongdoing by any parole officers who may have been searching for him, Cieslak and DiBenedetto were not relevant witnesses, and the original defendants would seemingly have no reason to use any information provided by them in support of their defenses. Accordingly, there was no violation of Rule 26 [of the Federal Rules of Civil Procedure].

ECF 177 at 14.

[3] In 2011, the New York State Department of Correctional Services and the New York State Division of Parole merged to form the New York State Department of Corrections and Community Supervision (DOCCS).

[4] Plaintiff filed this complaint in the United States District Court for the Eastern District of New York on May 3, 2023, and that court transferred the matter here. *See Parker v. N.Y.S. Div. of Parole*, No. 23-CV-03234 (E.D.N.Y. Nov. 9, 2023).

4

AAG Reznik to be "sanction[ed] for perjury, obtrusion of justice and official misconduct." (*Id.* at 8-10). Attached to the complaint are documents that were filed in *Parker I* , including declarations from AAG Reznik and a NYSDOP attorney, Kathleen M. Kiley, in which they both "declared under the penalty of perjury, that all evidence was submitted to the plaintiff during discovery. (*Id.* at 11-26.) Plaintiff alleges that he suffered from post-traumatic stress order requiring ongoing mental health treatment, for which he seeks $5 million in damages (*Id.* at 10.) Plaintiff also filed a motion to participate in electronic case filing. (ECF 11.)

## DISCUSSION

### A.   Claims arising from alleged wrongful detention in *Parker I*

Plaintiff's claims regarding his detention, which were previously litigated in *Parker I*, are barred under the doctrine of claim preclusion.[5] Under that doctrine, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action – even if they were not actually litigated." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.,* 898 F.3d 232, 236-37 (2d Cir. 2018)*, rev'd on other grounds,* 140 S. Ct. 1589 (2020)*.* Claim preclusion generally applies if: "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction, and (4) the

---

[5] Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions").

causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (citation and internal quotation marks omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). Claims are treated as the same if they "arise from the same transaction, or involve a common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quoting *Lucky Brand Dungarees*, 140 S. Ct. at 1595) "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Here, all of the requirements for claim preclusion are satisfied with respect to Plaintiff's claims against NYSDOP. First, Plaintiff filed an earlier action that was adjudicated on the merits; second, the action involved the same parties, and involve a common nucleus of operative facts; third, the prior court was of competent jurisdiction; and fourth, the claims asserted in this action were, or could have been, raised in the prior action. *See In re Motors Liquidation Co.*, 943 F.3d at 130.

The Court therefore finds that the claims regarding Plaintiff's alleged wrongful detention are barred under the doctrine of claim preclusion and must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Conopco, Inc. v. Roll Int' l*, 231 F.3d 82, 86 (2d Cir. 2000) (holding that dismissal for failure to state a claim is

6

appropriate where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" by claim preclusion).

B.   **New claim set forth in this complaint**

1.   **Claims against NYSDOP and AG's Office**

Plaintiff's claims against the NYSDOP and the AG's Office are dismissed on immunity grounds. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Court therefore dismisses Plaintiff's Section 1983 claims against NYSDOP and the AG's Office under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) (raising the issue of Eleventh Amendment immunity "*sua sponte* because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).[6]

---

[6] A government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process." *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This doctrine of absolute immunity for government attorneys covers "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits – including the defense of such actions."

2. **Statute of limitations**

Plaintiff's Section 1983 claim regarding AAG Reznik's acts or omissions are time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 250 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Here, Plaintiff's claims are based upon Reznik's failure during discovery to turn over a document suggesting the involvement of Cieslak and DiBenedetto in his case. That document, which is dated March 20, 2003, was not provided to Plaintiff until sometime in December 2012, when *pro bono* counsel stated that the document was not turned over during discovery. *Parker I*, ECF 63 at 1. Because Plaintiff knew or had reason to know of AAG Reznik's acts or omissions in December 2012, his Section 1983 claim accrued on that date. Plaintiff did not file this complaint, however, until May 3, 2023, more than 10 years beyond the limitations period.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). A plaintiff must show that he was "prevented in some extraordinary way from exercising his rights." *Miller v. International Telephone & Telegraph Corp.,* 755 F.2d 20, 24 (2d Cir.1985). The statute of limitations may be

---

*Id*. (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)). Plaintiff did not name AAG Reznik as a Defendant in this action. If he had, AAG Reznik would be entitled to government attorney immunity, because Plaintiff's claims against her are based on actions within the scope of her official duties as a government attorney representing the defendants in *Parker I*.

equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id*. at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210 (death of plaintiff or defendant).

Plaintiff's allegations do not suggest that any defendant fraudulently concealed the fact that Plaintiff had a cause of action, or induced him to forego a lawsuit until the statute of limitations expired. The fact that Plaintiff raised the claims regarding AAG Reznik's alleged misconduct – in his summary judgment motion in *Parker I*, ECF 134 at 27 – shows that he was aware of the issue, which forecloses the possibility that he was "prevented in some extraordinary way from exercising his rights." *Miller*, 755 F.2d at 24. That is, Plaintiff cannot show that he was prevented from exercising his rights before the statute of limitations expired because Plaintiff actually did exercise his rights during the statute of limitations period.

9

C.  **Supplemental jurisdiction**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). In addition, "[i]n the absence of diversity jurisdiction, because the Court has dismissed the federal claims brought in this action, it may decline to exercise supplemental jurisdiction pursuant to . . . [Section] 1367(c)(3)." *Golub v. Berdon LLP*, No. 19-CV-10309 (JGK), 2021 WL 637974, at *5 (S.D.N.Y. Feb. 17, 2021). Having dismissed those of Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of his claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The motion to participate in electronic case filing is denied as moot, and the Clerk of Court is directed to terminate it. (ECF 11.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: June 27, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge